| | |
|---|---|
| **1st Judicial District Court**<br>**Jefferson County, State of Colorado**<br>Court Address:        100 Jefferson County Pkwy.<br>                            Golden, Colorado 80401 | DATE FILED: June 22, 2018 11:54 AM<br>FILING ID: 340371C84F86A<br>CASE NUMBER: 2018CV31014 |
| **Plaintiffs:**    DAVID AULIK and NICOLE AULIK,<br><br>**v.**<br><br>**Defendant:**    NATIONWIDE    AFFINITY    INSURANCE COMPANY OF AMERICA, an Ohio corporation. | |
| | ▲    COURT USE ONLY    ▲ |
| **Attorneys for Plaintiffs:**<br>Attorney:        Andrew M. Newcomb, #37032<br>                     Jennifer A. Milne, #46286<br>Address:        Speights and Worrich, LLC<br>                     2149 South Holly Street, Suite 105<br>                     Denver, CO 80222<br>Phone Num.:  (303) 662-8082<br>FAX Num.:    (303) 662-8083<br>E-Mail:        andrew@speightsfirm.com<br>                     jennifer@speightsfirm.com | Case Number:<br><br>Div.: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiffs, David Aulik and Nicole Aulik (collectively, "Plaintiffs"), by their attorneys, Speights and Worrich, LLC, respectfully submits the following Complaint against Defendant Nationwide Affinity Insurance Company of America:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs David Aulik and Nicole Aulik (hereinafter "Plaintiffs") are citizens of and are domiciled in Jefferson County in the State of Colorado.

2. Upon information and belief, Defendant Nationwide Affinity Insurance Company of America ("Defendant") is a foreign corporation organized under the laws of Ohio, with its principal place of business located at One West Nationwide Boulevard, Columbus, Ohio. Defendant is authorized to do business in Colorado and is engaged in the business of insurance in the state.

3. Defendant may be served with process upon its Registered Agent, the Corporation Service Company, at 1900 West Littleton Boulevard, Littleton, Colorado 80120.

4. This Court has jurisdiction over the subject matter of this action and the parties hereto.

1

5.  Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1), as the real property that is the subject of this dispute is located in Jefferson County, State of Colorado.

## GENERAL ALLEGATIONS

6.  Plaintiffs contracted with Defendant to provide insurance coverage for their home and property located at 14305 Foothill Road, Golden, Colorado 80401 (the "Property").

7.  Accordingly, Defendant issued to Plaintiffs Policy Number HOA 0062316310-0 (the "Policy") insuring the Property.

8.  The Policy was in effect from October 20, 2016, up to and including October 20, 2017 (the "Policy Period"). The Policy was in force covering the Property during the subject loss.

9.  The Policy is a homeowner's policy that covers, *inter alia*, all risks of direct physical loss, damage, or injury to the residence, including property damaged by hail and/or wind.

10. The Policy is a Replacement Cost Value ("RCV") policy.

11. On or about May 8, 2017, a hailstorm damaged the Plaintiffs' Property, including the roof system and other structures located at the Residence. This hailstorm was historic in terms of the amount of property damage that it caused in Colorado.

12. On or around May 13, 2017, Plaintiffs submitted a claim for insurance benefits with Defendant for the hail damage, and Defendant assigned claim number 172269-GF (the "Claim").

13. On May 21, 2017, Defendant completed its initial inspection of the Property. Defendant determined that hail from the May 8, 2017 storm caused damage to the Property's roof, gazebo roof, dwelling chimney, dwelling skylights, and all "collateral" on the roof substantial enough to warrant a full replacement, and prepared an estimate to repair the damage to the roof, other structures, and personal property.

14. Defendant's May 21, 2018 estimate calculated the actual cash value ("ACV") of the damage to the Property at $22,457.98, with anRCV of $24,188.81.

15. Defendant sent its estimate to Plaintiffs on June 4, 2017.

16. Defendant's estimate included numerous material omissions, and proposed repair or replacement of the damaged property at the Property with materials of a lesser like, kind and quality than the materials that were damaged by the hailstorm, and refused to consider portions of the structure that required custom-replacement.

17. Plaintiffs engaged an independent contractor, 1st Choice Roofing & Exteriors ("1st Choice"), to repair the damage to the Property, and to provide an estimate as part of the repair.

18.   On June 9, 2017, 1st Choice completed an estimate to repair the damage to the Property for an RCV of $44,065.50.

19.   1st Choice's estimate identified several deficiencies in Defendant's initial inspection and estimate, including, among other things, Defendant's failure to identify the correct amount of shingles, the premium quality of shingles on Plaintiffs' roof, the type and quality of skylights that needed to be replaced, the custom copper cricket around the chimney, damage to the Plaintiffs' custom fence, and damage to structures in the back yard.

20.   Defendant suggested to Plaintiffs that, instead of using their chosen contractor, that they use one of Defendant's preferred network contractors, who Defendant claimed could perform the work for the amounts identified in Defendant's estimate. Essentially, Defendant presumed that all of the information submitted by Plaintiffs' contractor was either incorrect or false, and based on that assumption, unreasonably disregarded the information, delaying the claim.

21.   Even after receiving 1st Choice's estimate, Defendant maintained its refusal to pay the full cost of repair and replacement of the damaged roof and other structures appropriately, and only increased its RCV estimate to $22,834.03. 1st Choice and Plaintiffs provided Defendant with specific evidence of materials used, pricing, underlying documentation to Defendant to support their positions, and further requested that Defendant perform a reinspection of the Property as soon as possible to resolve any and all issues.

22.   Despite being provided with supporting documentation for the various portions of Plaintiffs' claim, Defendant's agent either disregarded or contested the information, delaying payment on various items and thus the necessary repairs. As a result of Defendant's delay in making an appropriate payment for the repairs, Plaintiffs' roof began leaking, causing additional damage to the interior of the Property.

23.   After several months of continuous communication from both Mr. Aulik and his contractor, Defendant finally authorized its adjuster to complete an updated estimate of the Property in September 2017.

24.   In its updated estimate and accompanying email, Defendant acknowledged the validity of a number of the items identified in 1st Choice's estimate and revised its own estimate accordingly. However, Defendant continued to reject several line items in 1st Choice's estimate.

25.   Despite ultimately acknowledging that Plaintiffs' contractor had correctly identified mistakes and omissions in Defendant's initial inspection and estimate, and partially revising its estimate accordingly, on October 10, 2017, Defendant emailed Plaintiffs' contractor stating that, "We are done reviewing any supplements you provide after the skylights supplement investigation. We are not making any further adjustments to this claim settlement."

26.   On October 13, 2017, Defendant provided Plaintiffs with its final settlement on the Claim, identifying an RCV of $28,142.20. Plaintiffs have been unable to complete the repairs to their home due to the conduct of the Defendant.

27.   Plaintiffs have met all conditions precedent to commencing this action.

28.   As a consequence of Defendant's conduct in failing to complete an initial good faith investigation and estimate of the damages to the Property, unreasonably contesting information regarding the claim, and delaying payment of amounts due and owing under the Policy, Plaintiffs have incurred and continue to incur damages.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

29.   Plaintiffs hereby incorporate paragraphs 1 through 28 of their Complaint as if fully set forth herein.

30.   The Policy creates a contract of insurance between Plaintiffs and Defendant.

31.   The Policy is a valid and enforceable contract between Plaintiffs and Defendant.

32.   By its actions, as described above, Defendant breached the contract of insurance.

33.   Plaintiffs have substantially complied with all of their obligations under the Policy.

34.   As a direct and proximate result of Defendant's breach, Plaintiffs have incurred damages and are entitled to relief in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (Bad Faith Breach of Insurance Contract)

35.   Plaintiffs hereby incorporate paragraphs 1 through 34 of their Complaint as if fully set forth herein.

36.   Defendant owed duties to Plaintiffs under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise of fair dealing, deal with Plaintiffs fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiffs' rights to receive the Policy's benefits.

37.   Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

   a.   Failing to properly investigate and evaluate Plaintiffs' claims for Policy benefits;
   b.   Attempting to repair and replace damage to the Residence with inferior materials;
   c.   Failing to pay Plaintiffs the full benefits owed under the Policy;
   d.   Failing to pay amounts under the Policy in a timely manner;

     e.   Failing to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims;

     f.   Failure to give equal consideration to Plaintiffs' rights and interests as it has given its own interests;

     g.   Depriving Plaintiffs of the benefits and protections of the contract of insurance;

     h.   Compelling Plaintiffs to institute litigation in order to recover amounts due under the Policy; and

     i.   Other conduct to be revealed through discovery.

38.    As a direct and proximate result of Defendant's bad faith breach of the contract of insurance, Plaintiffs have incurred damages and are entitled to relief in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### (Violation of C.R.S. § 10-3-1115 and Relief Pursuant to § 10-3-1116)

39.    Plaintiffs hereby incorporate paragraphs 1 through 38 of their Complaint as if fully set forth herein.

40.    C.R.S. § 10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

41.    Plaintiffs are first-party claimants under C.R.S. § 10-3-1115.

42.    Defendant has delayed and denied resolution of Plaintiffs' Claim without a reasonable basis within the meaning of C.R.S. § 10-3-1115.

43.    C.R.S. § 10-3-1116 provides that a first-party claimant whose claim for payment of benefits has been unreasonably delayed or denied by an insurer may bring an action to recover reasonable attorneys' fees and court costs and two times the covered benefit.

44.    Because Defendant's actions, as described above, violate C.R.S. § 10-3-1115, Plaintiff is entitled to the relief provided in C.R.S. §10-3-1116.

WHEREFORE, Plaintiffs David Aulik and Nicole Aulik respectfully request that judgment be entered in their favor and against Defendant Nationwide Affinity Insurance Company of America as follows:

     a.   For compensatory damages, both economic and non-economic, in amounts to be proved at trial;

     b.   For double damages pursuant to Colorado statute;

     c.   For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;

     d.   For reasonable attorneys' fees and costs of suit herein; and

     e.   For such other and further relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  June 22, 2018.

Respectfully Submitted,

*/s/Andrew M. Newcomb*
Andrew M. Newcomb, #37032
Jennifer A. Milne, #46286
In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.